**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cr-00182** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **OMAR M. OMAR,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter is before the Court on Defendant Omar M. Omar's Motion for Release from Detention (ECF No. 24), in which he asks the Court release him from detention pending sentencing, subject to conditions. The Government opposes the request.

Defendant was indicted on September 22, 2022, for one count of possession of a firearm having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count I"), and one count of possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count II"). (Indictment ¶¶ 1–2, ECF No. 2). It is anticipated that Defendant will enter a plea of guilty to Count I on May 19, 2023, before this Court. Defendant now seeks release from detention in order to provide care to his mother, Hodan Jama, who is scheduled to undergo surgery on May 24, 2023, with a lengthy recovery period anticipated. (*See* Memo. in Supp. of Mot. for Release at 2, ECF No. 24). Moreover, Defendant asserts that he poses no flight risk or threat to the community. (*Id.* at 3).

Under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, however, there is a rebuttable presumption that "no conditions or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where a defendant has been

indicted on "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(e)(3). And here, Count II of the indictment charged Defendant with a violation of the Controlled Substances Act that carries a maximum term of imprisonment of more than ten years. *See* 21 U.S.C. § 841(b)(1)(C). Thus, the rebuttable presumption set forth in the Bail Reform Act applies.

But Defendant has not provided any evidence tending to rebut that presumption. *Cf. United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990) (noting that "evidence concerning the effectiveness of the [GPS] bracelet alone only *arguably* rebuts the presumption of flight" (emphasis added)). Nor has Defendant made a sufficient showing—or any showing at all—that, after he signs the anticipated plea agreement on May 19, 2023, there is "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety or any other person or the community if released . . . ." 18 U.S.C. § 3143(a). Defendant's mere assertion that he is not a flight risk or a threat, without some measure of substantiating proof or evidence, is inadequate.

This Court would be remiss not to acknowledge the difficulties facing Ms. Jama as she prepares for her medical procedures and is sympathetic to Defendant's desire to take care of his mother in this difficult time. Nevertheless, as Defendant has not put forward any evidence rebutting the presumption set forth in 18 U.S.C. § 3142(e)(3), nor met his burden under 18 U.S.C. § 3143(a), his motion is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: May 17, 2023**