IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:22-cr-182 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| OMAR M. OMAR, | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Omar M. Omar's Motion to Declare 18 U.S.C. § 922(g)(1) and § 924(a)(2) Unconstitutional and Dismiss the Charge of Felon in Possession of a Firearm. (ECF No. 33). For the reasons set forth below, Mr. Omar's Motion is **DENIED**.

**I.     BACKGROUND**

On September 22, 2022, a federal grand jury indicted Mr. Omar for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (ECF No. 2). Mr. Omar has prior felony convictions for Possession of Controlled Substances (Fairfax, Virginia, 2015) and Improper Handling of a Firearm (Franklin County, Ohio, 2020). (ECF No. 34 at PageID 184). On May 19, 2023, Mr. Omar pled guilty to the felon-in-possession charge. (ECF Nos. 2, 22, 27). Mr. Omar has not yet been sentenced; his sentencing hearing is currently scheduled for December 1, 2023. (ECF No. 38).

On July 3, 2023, Mr. Omar filed the motion *sub judice* arguing that the United States Supreme Court's decision in *New York State Rifle & Pistol Association. v. Bruen* renders the federal felon in possession of a firearm laws unconstitutional. *See* 142 S.Ct. 2111 (2022). Mr. Omar primarily relies on District Judge Carlton W. Reeves' opinion in *United States v. Bullock* to

1

support his motion. *See* No. 3:18-cr-165-CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023), *appeal filed*, No. 23-60408 (5th Cir. July 31, 2023).

On July 24, 2023, the Government responded in opposition to Mr. Omar's motion. (ECF No. 34). On October 16, 2023, Mr. Omar replied to the Government's response in opposition. (ECF No. 42). On November 8, 2023, this Could held oral arguments on the issue. The motion is now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Criminal Procedure allow parties to "raise any defense, objection, or request that the court can determine without a trial on the merits." *See* Fed. R. Crim. P. 12(b)(1). It appears Mr. Omar challenges 18 U.S.C. § 922(g)(1) and § 924(a)(2) both facially and as-applied to him. In an as-applied challenge, the court asks whether a law with some permissible uses is nonetheless unconstitutional as applied to the defendant's activity. *Spence v. Washington*, 418 U.S. 405, 414 (1974). In contrast, in a facial challenge, the court asks whether a law could ever be applied in a valid manner. *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984). A facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

## III. LAW & ANALYSIS

### A. Second Amendment Jurisprudence

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Mr. Omar argues that 18 U.S.C. § 922(g)(1) facially violates the Second Amendment and, particularly, his Second Amendment rights. The Second Amendment states: "A well-regulated Militia, being

necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. amend. II. Relevant Second Amendment jurisprudence includes the United States Supreme Court's decisions in *Heller* and *Bruen*, and the Sixth Circuit's decision in *Carey*.

In *Heller*, the Supreme Court found an individual right to bear arms not in conjunction with service in the Militia. *District of Colombia v. Heller*, 554 U.S. 570 (2008). Specifically, the Supreme Court concluded that the text of the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id*. at 635. The Supreme Court, however, offered a few caveats, stating: "Like most rights, the right secured by the Second Amendment is not unlimited. . . . nothing should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 626.

After *Heller*, the Sixth Circuit, in *United States v. Frazier*, an unpublished opinion, affirmed that prohibitions on felons in possession of firearms do not violate the Second Amendment. *See* 314 Fed. Appx. 801, 807 (6th Cir. 2008). The Sixth Circuit then re-affirmed the constitutionality of prohibitions on felons in possession of firearms in a published opinion, *United States v. Carey*. *See* 602 F.3d 738 (6th Cir. 2010). In *Carey*, the Sixth Circuit opined that "*Heller* states that the Second Amendment right is not unlimited, and, in fact, it is specifically *limited* in the case of felon prohibitions. Because Congress's prohibition on felon possession of firearms is constitutional, it follows that the burdens associated with the congressionally-created expungement exception in 18 U.S.C. § 921(a)(20) do not violate the Second Amendment." *Id*. at 741 (internal citation omitted).

Recently in *Bruen*, the Supreme Court held that a firearm restriction is presumptively unlawful unless the government can demonstrate that the regulation is "consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n. v. Bruen*,

142 S.Ct. 2111, 2126 (2022). *Bruen* rejected the two-step framework adopted post-*Heller* by most courts of appeals, which combined history with means-end scrutiny. *Id*. at 2156. Instead, post-*Bruen*, reviewing courts are to engage in a new two-step analysis, determining: (1) whether the Second Amendment's plain text covers the individual's conduct; and (2) if it does, whether the government has shown that the firearm restriction is consistent with the nation's historical tradition of firearm regulation. *Id*. at 2129-30. If the Second Amendment covers the individual's conduct and the government fails to show that the firearm restriction is consistent with the nation's historical tradition of firearm regulation, then the firearm restriction is unconstitutional. *Id*.

Six justices in *Bruen* emphasized that the Supreme Court's decision did not upset *Heller*'s assertion that the prohibition on felons possessing firearms is presumptively constitutional. Specifically, in a concurring opinion, Justice Alito made clear that the Supreme Court's holding in *Bruen* "decides nothing about who may lawfully possess a firearm . . . . Nor have we disturbed anything that we said . . . about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 2157 (Alito, J., concurring). Additionally, in another concurring opinion, Justice Kavanaugh, joined by Chief Justice Roberts, reaffirmed that "the right secured by the Second Amendment is not unlimited. . . . [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 2162 (Kavanaugh, J., concurring). Finally, Justice Breyer's dissent, joined by Justice Kagan and Justice Sotomayor, stated: "I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding [prohibiting felons from possessing firearms]." *Id*. at 2189 (Breyer, J., dissenting).

In the two years since *Bruen* was decided, hundreds of federal criminal defendants and prisoners across the country have argued that the felon-in-possession statute is facially unconstitutional and/or unconstitutional as-applied to the defendant. The vast majority of courts to

4

address this issue, including the Eighth Circuit and district courts within the Sixth Circuit, have concluded that convicted felons properly fall outside the scope of the Second Amendment's protection.[1] Some courts who have upheld the felon-in-possession law stop at *Heller*, while other courts analyze the statute under *Bruen.* For the courts who apply *Bruen's* analysis, some stop at the textual analysis, finding that felons are not protected by the Second Amendment because they are not law-abiding, responsible citizens, while others reach the historical tradition analysis, finding that the government has met its burden of showing the statute is consistent with the nation's historical tradition of firearm regulation.

As recently as September 28, 2023, the Sixth Circuit in *United States v. Vaughn* stated: "[W]e unambiguously held in *United States v. Carey*, *602 f.3D 738, 741 (6th Cir. 210)*, that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit. While we have not yet revisited this issue following the Supreme Court's decision in *New York Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022)*, and although there are numerous appeals pending before us that raise the issue, the vast majority of courts to have reconsidered the constitutionality of § 922(g)(1) post-*Bruen* have upheld it. *See, e.g. United States v. Gleaves, No. 3:22-CR-00014, 2023 U.S. Dist. LEXIS 20328, 2023 WL 1791866,*

---

[1] *See, e.g., United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023); *United States v. McNeil*, No. 2:23-cr-20229-TBG-EAS, 2023 WL 6627972 (E.D. Mich. Oct. 11, 2023); *United States v. Tinsley*, No. 1:21-cr-385, 2023 WL 6540951 (N.D. Ohio Oct. 6, 2023); *United States v. Norman*, No. 1:21-cr-383, 2023 WL 6290690 (N.D. Ohio Sep. 27, 2023); *United States v. Miler*, No. 1:22-cr-645, 2023 WL 6065116 (N.D. Ohio Sep. 18, 2023); *United States v. Nailer*, No. 23-20076, 2023 WL 6049746 (E.D. Mich. Sep. 15, 2023); *United States v. Taylor*, No. 1:23-cr-00289, 2023 WL 5957107 (N.D. Ohio Sep. 12, 2023); *United States v. Dobbs*, No. 22-20068, 2023 WL 4596756 (E.D. Mich. July 18, 2023); *United States v. Holmes*, No. 23-20075, 2023 WL 4494340 (E.D. Mich. July 12, 2023); *United States v. Keels*, No. 23-20085, 2023 WL 4303567 (E.D. Mich. June 30, 2023); *United States v. Nelson*, No. 2:22-cr-20512-TGB-JJCG, 2023 WL 4249367 (E.D. Mich. June 29, 2023); *United States v. Parker*, No. 3:22-cr-82-RGJ, 2023 WL 3690247 (W.D. Ky. May 26, 2023); *United States v. Haywood*, No. 22-20417, 2023 WL 3669333 (E.D. Mich. May 25, 2023); *United States v. Carter*, No. 22-20477, 2023 WL 3319913 (E.D. Mich. May 9, 2023); *United States v. Bluer*, No. 22-20557, 2023 WL 3309844 (E.D. Mich. May 8, 2023); *United States v. Hazley*, No. 22-20612, 2023 WL 3261585 (E.D. Mich. May 4, 2023); *United States v. Gleaves*, No. 3:22-cr-00014, 2023 WL 1791866 (M.D. Tenn. Feb. 6, 2023); *United States v. Goins*, 647 F. Supp. 3d 538 (E.D. Ky. 2022).

at *1 (M.D. Tenn. Feb 6, 2023) (collecting cases). *Carey* remains the precedent in this circuit." No. 23-5790, 2023 U.S. App. LEXIS 25818, at *3 (6th Cir. Sep. 28, 2023).

This Court is only aware of two decisions that have found the felon-in-possession statute unconstitutional: *United States v. Bullock*, a district court opinion from the Southern District of Mississippi, and *Range v. Att'y Gen. United States of Am.*, a Third Circuit opinion. In *Bullock*, Judge Reeves's *ratio decidendi* rested on the government's failure to prove the restriction of firearm possession was consistent with the nation's historical tradition of firearm regulation. No. 3:18-cr-165-CWR-FKB, 2023 WL 4232309, at *31 (S.D. Miss. June 28, 2023), *appeal filed*, No. 23-60408 (5th Cir. July 31, 2023). Judge Reeves criticized the government for only filing a three-and-a-half page response brief that made conclusory statements and failed to provide any example of how American history supports § 922(g)(1). *Id*. at *29, 30. In *Range*, the Third Circuit also found that the government in that case did not prove the restriction of firearm possession was consistent with the nation's historical tradition of firearm regulation. 69 F.4th 96, 105-06 (3d Cir. 2023) (en banc). The *Range* Court, however, emphasized that its decision was "a narrow one," only as-applied to the defendant in that case whose prior felony was for a non-violent misdemeanor crime of making a false statement to obtain food stamps. *Id*. at 106.[2]

In this case, Mr. Omar argues *Heller* and *Carey* are insignificant since they were decided before *Bruen*, while the Government argues that *Heller* and *Carey* are still good law, especially after *Vaughn*. The Government asserts this Court should uphold 18 U.S.C. § 922(g)(1) based on *Heller* and *Carey* without even reaching *Bruen*'s analysis. Ultimately, this Court finds *Bruen* did not explicitly overrule *Heller*. Rather, *Bruen* altered the analytical framework for addressing

---

[2] Mr. Omar also cites to *United States v. Rahimi*, a Fifth Circuit case that found a law prohibiting persons subject to domestic violence restraining orders from possessing firearms violates the Second Amendment. *See* 61 F.4th 443 (5th Cir. 2023). While the United States Supreme Court granted certiorari in *Rahimi*, it has not yet issued a ruling. *See* 143 S.Ct. 2688 (2023).

Second Amendment challenges. Accordingly, this Court finds it is bound by the assertions in *Heller* and *Carey* that the longstanding prohibitions on the possession of firearms by felons are presumptively constitutional.

### B. *Bruen* Analysis

When analyzing this case under *Bruen*, Mr. Omar makes several arguments. First, Mr. Omar argues the Second Amendment allows him, despite his status as a felon, to possess firearms. Additionally, Mr. Omar argues the felon-in-possession statute, being a blanket prohibition that does not differentiate between violent and non-violent felons, is unconstitutional. Furthermore, Mr. Omar argues the Government in this case has not met its burden of proving that the felon-in-possession statute is consistent with the nation's historical tradition of firearm regulation. Mr. Omar points to the fact that § 922(g)(1) was enacted in 1986 and argues it is not old enough to have historical precedence. Finally, Mr. Omar argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him, since his prior felony convictions involve substance abuse issues rather than acts of violence.

The Government argues that 18 U.S.C. § 922(g)(1) is valid because the plain text of the Second Amendment does not apply to felons; rather, it only applies to law abiding, responsible citizens. The Government further argues that even if the Second Amendment protects felons, Congress's authority categorically to disarm felons is consistent with the tradition of firearm regulation in the United States. Last, the Government argues that Mr. Omar's as-applied-challenge fails given the nature of his prior convictions.

This Court finds the Government in this case, unlike the government in *Range* and *Bullock,* met its burden of showing that prohibitions on felons in possession of firearms is consistent with the nation's historical tradition of firearm regulation. *Bruen* makes clear that "analogical reasoning

7

requires only that the government identify a well-established and representative historical analogue, not a historical twin." 142 S.Ct. at 2133. The Government has done that here. Specifically, the Government laid out laws and legislative history surrounding disarmament of those deemed untrustworthy, dating as far back as 1689. (*See* ECF No. 34 at PageID 176-178). In particular, the Government discussed the 1689 English Bill of Rights, a 1689 Act disarming Papists, laws enacted by the American colonies, state laws enacted during the Revolutionary War, and ratification of the Second Amendment. (*See id.*). Moreover, the Government laid out laws imposing severe punishments on felons, such as capital punishment and estate forfeiture, that necessarily subsumed disarmament, dating as far back as the 1700s. (*See id.* at PageID 179-181). In particular, the Government discussed a 1788 New York law, a 1777 Virginia law, a 1700 and 1705 Pennsylvania law, a 1715 Maryland law, a 1743 Rhode Island law, and a 1750 Massachusetts law. (*See id.*). All these laws demonstrate the historical tradition of those convicted of felonies not being among those entitled to possess firearms. *See also Medina v. Whitaker*, 913 F.3d 152, 158-60 (D.C. Cir. 2019). Accordingly, this Court finds the Government met its burden to show 18 U.S.C. § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation.

As for Mr. Omar's as-applied challenge, this Court finds Mr. Omar's argument that § 922(g)(1) is too young to be consistent with the nation's historical tradition of firearm regulation unpersuasive considering the Supreme Court in *Heller* and again in *Bruen* recognized the "*longstanding*" prohibitions on the possession of firearms by felons. *See* 554 U.S. at 626; 142 S. Ct. at 2162 (Kavanaugh, J., concurring). Additionally, this Court finds Mr. Omar's circumstances are distinguishable from the defendants' circumstances in *Range* and *Bullock*. Specifically, Mr. Omar has a prior felony conviction for possession of controlled substances and for improper handling of a firearm. None of Mr. Omar's underlying felony convictions can be fairly

characterized as analogous to the defendant in *Range's* conviction of making a false statement to obtain food stamps. Further, the defendants' prior felony convictions in *Range* and *Bullock* were approximately twenty years old and twenty-six years old, respectively, whereas Mr. Omar's felony conviction for improper handling a firearm is as recent as three years ago. Accordingly, this Court finds 18 U.S.C. § 922(g)(1) is constitutional as-applied to Mr. Omar.

### IV. CONCLUSION

Based on the reasoning set forth above, Mr. Omar's Motion to Declare 18 U.S.C. § 922(g)(1) and § 924(a)(2) Unconstitutional and Dismiss the Charge of Felon in Possession of a Firearm (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 14, 2023**