IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:22-cr-00182 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : |
| OMAR M. OMAR, | : |
| | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before the Court on Defendant Omar Omar's First and Second Motions for Compassionate Release (ECF Nos. 57, 58). For the reasons that follow, Defendant's Motions are **DENIED**.

**I. BACKGROUND**

In December 2023, Defendant was sentenced to 30 months imprisonment by this Court. (ECF No. 53). Defendant is currently incarcerated at Butler County Jail and has been held in custody since December 2022, which means he has now served approximately 17 months of his sentence. (ECF No. 59). On March 4, 2024, Defendant filed his first *pro se* Motion for Compassionate Release, which requested either home confinement or complete release. (ECF No. 57). On March 22, 2024, Defendant filed his second *pro se* Motion for Compassionate Release, in which he reiterated that request. (ECF No. 58). Defendant has also appealed his conviction, and that appeal is currently pending at the Sixth Circuit Court of Appeals. (ECF No. 59).

In his first Motion, Defendant detailed the "harsh jail conditions" in the Butler County Jail as well as his accomplishments since his sentencing. (ECF No. 57). Defendant alleged that the restrictions implemented in response to the COVID-19 pandemic violated his constitutional rights

1

under the First, Sixth, Eighth, and Fourteenth Amendments. (*Id.*). These restrictions allegedly include "(1) 19–23 hours of daily isolation/lockup in a small closet size room, (2) extremely limited access to legal counsel, (3) no contact family visit to support stability and thereby mental health, (4) no access to clergy or religious services, [and] (5) extremely limited access to medical care." (*Id.*). Defendant pointed to the jail credits that state legislatures and state executives have granted to state inmates for their time spent incarcerated during the COVID-19 pandemic and argued that he should receive similar credit for enduring similar conditions. (*Id.*). Finally, Defendant highlighted his positive behavior during his incarceration, which included completing several rehabilitative classes. (*Id.*). Defendant argued that, because he is still at Butler County Jail instead of a Bureau of Prisons ("BOP") facility, he would have more resources to continue his rehabilitation at a halfway house or on home confinement. (*Id.*).

In his second Motion, Defendant again highlighted his promising behavior during incarceration. (ECF No. 58). Defendant also provided details about his reentry plan if he is placed on home confinement or released, including that he would reside at his mother's house, accept the standing job offer at Romanoff Electric and begin work as an apprentice, volunteer in his community, and complete his bachelor's degree in electrical mechanical engineering. (*Id.*). In addition to these aspirations, Defendant stated that he would readily comply with the terms of any supervised release. (*Id.*).

The Government opposed Defendant's request, and asked this Court to leave Defendant's sentence undisturbed. (ECF No. 59). In their Response, the government argued that the conditions in the Butler County Jail—according to a schedule obtained by the U.S. Marshals Service—are not as Defendant described them and that Defendant's self-improving behavior shows that his time

spent incarcerated still has rehabilitative value. (*Id.*). This matter is now ripe for this Court's review.

## II. STANDARD OF REVIEW

A sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

This Court follows a three-step analysis when considering § 3582(c)(1)(A) motions. *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). First, this Court considers whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* Second, this Court determines whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id.* at 1108.[1] And third, the Court analyzes the factors set forth in 18 U.S.C. § 3553(a) to determine whether, in the Court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A district court's decision under § 3582(c)(1)(A) will be reviewed for abuse of discretion and a district court "must supply 'specific factual reasons'" in support of its decision. *Id.* at 1112.

---

[1] The Sixth Circuit determined in *Jones* that the policy statement contained in U.S.S.G. § 1B1.13 did not apply to cases filed by federal inmates. 980 F.3d at 1109, 1111. However, an amended version of that section became effective on November 1, 2023, which widened the applicability of the policy statement to include *pro se* motions, like the one brought by Defendant in this case. U.S.S.G. § 1B1.13; *see United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *2 n.2 (S.D. Ohio Mar. 7, 2024).

## II. LAW & ANALYSIS

### A. Exhaustion

When reviewing motions for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A), district courts must first ask: has the movant either fully exhausted all administrative rights or have 30 days lapsed since the movant received the warden's letter denying the request? If either prong is answered in the affirmative, courts then inquire if extraordinary and compelling circumstances justify release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). The Sixth Circuit has held that this exhaustion requirement is not a jurisdictional rule, but rather a claim-processing rule subject to exceptions such as waiver and forfeiture. *Alam*, 960 U.S. at 834 (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). So, the requirement "binds the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833.

In this case, neither of Defendant's Motions to this Court (ECF Nos. 57, 58) includes any discussion or proof of administrative steps prior to the filing of either Motion. But the government forfeited any exhaustion argument by not raising this issue in its response, so this is a non-issue. (*See* ECF No. 59); *contra Alam*, 960 U.S. at 834 (where "[t]he government timely objected to [defendant]'s failure to exhaust at every available opportunity").

### B. Extraordinary and Compelling Reasons

Finding exhaustion to be forfeited, this Court next considers whether "extraordinary and compelling reasons warrant" a sentence reduction under 18 U.S.C. § 3852(c)(1)(A)(i). Section 3582(c) itself does not define what reasons qualify as "extraordinary and compelling." Congress, however, delegated that authority to the Sentencing Commission, explaining that it "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including

4

the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has done so in U.S.S.G. § 1B1.13, which includes several examples of circumstances under which "extraordinary and compelling" reasons may exist.

In his first Motion, Defendant raised frustrations about the Butler County Jail's COVID-19 policies, including the limited time out of one's cell and limited access to counsel, family, clergy, or medical care. (ECF No. 57 at 2). He explained that some state inmates have received time off their sentences as a result of the harsh pandemic-induced conditions. (*Id.*). Defendant also expressed concern about whether he would be transferred from Butler County Jail to a BOP facility before he completes his sentence in order to partake in addiction-related programming. (*Id.* at 2–3). But he detailed his efforts towards rehabilitation while waiting for his BOP transfer, including a variety of classes. (*Id.* at 3).

In his second Motion, Defendant reiterated his rehabilitative efforts and detailed his reentry plan if he is granted home confinement or release. (ECF No. 58). Defendant also referenced to a medical condition he may suffer from but did not include any further details or medical documents. (*Id.*).

Considering the examples and criteria outlined in U.S.S.G. § 1B1.13(b), Defendant has failed to establish that there is an "extraordinary and compelling reason" for granting compassionate release. That section identifies four categories under which "extraordinary and compelling reasons" exist: (1) medical circumstances of the Defendant; (2) age of the Defendant; (3) family circumstances of the Defendant; and (4) victim of abuse. U.S.S.G. § 1B1.13(b)(1)–(4). The section also includes a provision for "unusually long sentence[s]," as well as a broader catch-all provision. U.S.S.G. § 1B1.13(b)(5)–(6).

Defendant has not alleged in either of his Motions that he meets the criteria outlined under any of the listed categories. While Defendant made a passing reference to a medical condition, he has not provided sufficient details or documentation to establish the existence of a medical condition that would warrant release. Defendant has also not argued in either of his Motions that he meets the age requirement, nor has Defendant alleged a family circumstance as described in § 1B1.13(b)(3), mostly relating to caregiving responsibilities. Defendant also did not claim that he has been a victim of abuse while in custody, so release is not warranted under § 1B1.13(b)(4). And Defendant does not qualify for release under the provision concerned only with defendants who have served at least 10 years of an unusually long sentence. § 1B1.13(b)(6).

This leaves the catch-all provision as Defendant's sole avenue for relief, which states that "extraordinary and compelling reasons" exist where a defendant "presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." § 1B1.13(b)(5).

This Court's decision in *United States v. Brown* provides an anchor point as to what constitutes "extraordinary and compelling." No. 2:95-cr-66(2), 2024 WL 409062 (S.D. Ohio Feb. 2, 2024). In *Brown*, this Court found that a sentence reduction under § 1B1.13(b)(5) was appropriate where the defendant's 119-year sentence for "crimes in which no one was physically harmed" was "draconian and oppressive" in length. *Id.* at *8. In addition to the excessive length of the sentence, this Court also considered the fact that several of the defendant's comparatively culpable co-defendants had already been released several years earlier. *Id.* This Court also considered the defendant's rehabilitative efforts in *Brown*, however rehabilitation *alone* cannot be an extraordinary and compelling reason for compassionate release. *Id.* at *9; *United States v.*

6

*Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (citing 28 U.S.C. § 944(t)). Brown had "only ten, non-violent blemishes" in his disciplinary history over the nearly thirty years he spent incarcerated. *Brown*, 2024 WL 409062, at *9. Finally, this Court took into consideration that the defendant in *Brown* had strong family support that he would benefit from upon release. *Id.* While this Court acknowledged that many of the defendant's circumstances applied to many prisoners generally—and therefore would not be, by themselves, "extraordinary and compelling"—this Court found that the "extraordinary length" of the defendant's sentence and its "shocking disparity with the time that his co-defendants served" supported a conclusion that the defendant's circumstances were similar in gravity to the circumstances listed in § 1B1.13(b)(1)–(4). *Id.*

Other district courts in the Sixth Circuit have provided anchor points on the other side of the coin. One court found that a defendant's mistake about what, if any, of his presentence incarceration time would count toward his federal sentence was not an extraordinary or compelling circumstance, *see United States v. Stanley*, No. 3:21-cr-800, 2023 WL 8281507, at *4 (N.D. Ohio Nov. 30, 2023), and another court found the "limited availability of mental health services at [the defendant's] facility and the 'lingering effects' of the COVID-19 pandemic, including staffing shortages," did not "rise to the level of extraordinary and compelling reasons to justify early release," *United States v. DeJournett*, No. 5:13-cr-513-1, 2024 WL 1580102, at *5 n.4 (N.D. Ohio Apr. 11, 2024).

In his Motions, Defendant described his rehabilitation at length, but the Sixth Circuit has made it clear that rehabilitation alone cannot be considered an extraordinary and compelling reason for the purposes of granting compassionate release. *Hunter*, 12 F.4th at 572. And unfortunately, Defendant's remaining arguments fare no better. Defendant and the Government dispute the COVID-19 restrictions in place at the Butler County Jail, but regardless of whether the conditions

are as Defendant alleges them, constitutional violations of that nature and kind are more appropriately brought under 42 U.S.C. § 1983, not in a motion for compassionate release; compassionate release is more of a personal circumstance inquiry, while Eighth Amendment claims are often based on broader incarceration conditions.

Defendant's remaining argument is that he has yet to be transferred to a BOP facility and, even if he was transferred at this time, he would likely not be able to complete addiction programming there, as this Court ordered, because less than half of his 30 month sentence remains. While unfortunate, on the spectrum of circumstances, this is a far cry from the extraordinary and compelling circumstances seen in *Brown*, and more akin to the circumstances in *DeJournett*, at least in severity, given that both sets of claims rest on COVID-19-imposed conditions. Defendant's sentence was significantly below the recommended range as calculated by the U.S. Sentencing Guidelines, so this Court does not find it to be a "draconian" or "oppressive" sentence. (ECF No. 59). Further, Defendant's inability to participate in BOP addiction programming is ill-fated, but its negative impact, in this Court's view, is comparable to the limited availability of mental health services in *DeJournett*, particularly in light of Defendant's admitted ability to complete some rehabilitative courses at Butler County Jail. Defendant has therefore not established that there are "extraordinary and compelling" reasons for granting compassionate release, so his Motion is **DENIED**.

Because Defendant's arguments fall short at this first step, this Court need not consider the other compassionate release steps regarding applicable policy statements or the sentencing factors.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motions for Compassionate Release (ECF Nos. 57, 58) are **DENIED**.

8

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: May 29, 2024